USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

FERRING B.V., FERRING
INTERNATIONAL CENTER S.A., AND
FERRING PHARMACEUTICALS INC.,

                    Plaintiffs,                    12 Civ. 2650

     -against-                                     OPINION

ALLERGAN, INC., ALLERGAN USA, INC.,
ALLERGAN SALES, LLC, SERENITY
PHARMACEUTICALS CORPORATION,
SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC,
SEYMOUR H. FEIN, AND RONALD V.
NARDI,

                    Defendants.

-------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiffs

          GIBBONS P.C.
          One Gateway Center
          Newark, NJ  07102
          By:  Mara E. Zazzali-Hogan, Esq.
               William P. Deni, Jr., Esq.

          FINNEGAN, HENDERSON, FARABOW, GARRETT
            & DUNNER, LLP
          901 New York Avenue, N.W.
          Washington, D.C.  20001-4413
          By:  James B. Monroe, Esq.
               Paul W. Browning, Esq.
               Adriana L. Burgy, Esq.

<u>Attorneys for Defendants</u>

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
By:  Joseph Evall, Esq.

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612
By:  Jeffrey T. Thomas, Esq.
     Jeffrey H. Reeves, Esq.

ZUCKERMAN SPAEDER LLP
1185 Avenue of the Americas
New York, NY  10036
By:  James Scottile, Esq.
     Steven M. Cohen, Esq.
     Noah Solowiejczyk, Esq.

**Sweet, D.J.**

Ferring B.V., Ferring International Center S.A., and Ferring Pharmaceuticals Inc. (collectively, "Ferring" or the "Plaintiffs") have moved pursuant to Local Rule 6.3 for reconsideration of the Court's March 19, 2013 opinion (the "March 19 Opinion") dismissing Counts 4-17 of its complaint (the "Complaint").  In the alternative, Plaintiffs seek leave to amend its Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Defendants Allergan, Inc.; Allergan USA, Inc.; and Allergan Sales, LLC (collectively, "Allergan"); Serenity Pharmaceuticals Corporation, Serenity Pharmaceuticals, LLC (collectively, "Serenity"), Reprise Biopharmaceutics, LLC ("Reprise"), Dr. Seymour H. Fein ("Fein") and Dr. Ronald V. Nardi ("Nardi") (collectively, the "Defendants") oppose Plaintiff's motion.

Based on the conclusions set forth below, the Plaintiffs' motion is denied.

## I. **The Motion for Reconsideration is Denied**

1

Standard of Review

The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

As this Court recently confirmed, reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Justice v. Nath, 893 F. Supp.2d 598, 605 (S.D.N.Y. 2012) (citations omitted).  Accordingly, the standard of review

2

applicable to such a motion is "strict." Shrader v. CSX
Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

       The burden is on the movant to demonstrate that the
Court overlooked controlling decisions or material facts that
were before it on the original motion, and that might
"'materially have influenced its earlier decision.'" Anglo Am.
Ins. Group v. CalFed, Inc., 940 F. Supp. 554, 557 (S.D.N.Y.
1996) (quoting Morser v. AT & T Information Sys., 715 F. Supp.
516, 517 (S.D.N.Y. 1989)).  A party seeking reconsideration may
neither repeat "arguments already briefed, considered and
decided," nor "advance new facts, issues or arguments not
previously presented to the Court." Schonberger v. Serchuk, 742
F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

       The reason for the rule confining reconsideration to
matters that were "overlooked" is to "ensure the finality of
decisions and to prevent the practice of a losing party
examining a decision and then plugging the gaps of a lost motion
with additional matters." Polsby v. St. Martin's Press, Inc.,
No. 97-690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)
(citation and quotation marks omitted).  Motions for
reconsideration "are not vehicles for taking a second bite at

                              3

the apple, . . . and [the court] [should] not consider facts not
in the record to be facts that the court overlooked." Rafter v.
Liddle, 288 Fed. App'x. 768, 769 (2d Cir. 2008) (citation and
quotation marks omitted).  Thus, a court must narrowly construe
and strictly apply Local Rule 6.3, so as to avoid duplicative
rulings on previously considered issues, and to prevent the rule
from being used as a substitute for appealing a final judgment.
See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA
Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y.
Jul. 16, 2009) ("A motion for reconsideration is not a motion to
reargue those issues already considered when a party does not
like the way the original motion was resolved.") (citation and
quotation omitted).

        Local Rule 6.3 requires that motions for
reconsideration be accompanied by "a memorandum setting forth
concisely the matters or controlling decisions which counsel
believes the Court has overlooked."  Local Rule 6.3.
"[M]atters, in other words, that might reasonably be expected to
alter the conclusion reached by the court."  Sikhs for Justice,
893 F. Supp. 2d at 605 (citing Shrader v. CSX Transp., Inc., 70
F.3d 255, 257 (2d Cir. 1995)); see also Analytical Surveys, Inc.
v. Tonga Partners, L.P., 684 F.3d 36, 52 ("[T]he standard for

4

granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

Discussion

Although Ferring sought and obtained additional time to prepare to seek reconsideration of the March 19 Opinion, (see Order, Mar. 28, 2013) (Dkt. No. 58) (the "March 28, Order"), Ferring has not met the standards governing a motion for reconsideration.  As discussed above, motions to reconsider "are not vehicles for taking a second bite at the apple. . . ." Rafter, 288 Fed. App'x. at 769.  Thus, "[a] motion for reconsideration is not the proper venue for the submission of new material." Sys. Mgmt. Arts, Inc. v. Avesta Technologies, Inc., 106 F. Supp. 2d 519, 520-21 (S.D.N.Y. 2000).  Local Rule 6.3 also outlines that "[n]o affidavits shall be filed by any party unless directed by the Court."  (Local Rule 6.3).

Here, to support its motion, Ferring has assembled approximately 293 pages of additional materials in the form of a declaration, entitled "Certification of Counsel," with attached

5

accompanying exhibits.  (See Certification of Counsel Elvin
Esteves, Apr. 16, 2013 (Dkt. No. 62)) (the "Esteves Cert.").
The exhibits include 1) a timeline depicting the Defendants'
obtaining, retaining and distributing Ferring's confidential and
trade secret information; 2) a timeline depicting the
Defendants' use of Ferring's confidential and trade secret
information to obtain patents properly belonging to Ferring; 3)
the proposed amended complaint; 4) a red-line version of the
proposed amended complaint.  (Id., Ex. 1-4).

        While Ferring may entitle its submission as a
"Certification of Counsel," it is essentially a declaration with
attached exhibits that "must be stricken from the record on the
ground that Local Rule 6.3 prohibits the submission of
affidavits or declarations in connection with a motion for
reconsideration absent permission by the court." Sys. Mgmt.
Arts, 106 F. Supp. 2d at 520-21.  The Court did not direct any
filings, nor did Ferring seek leave to file such materials.
Accordingly, the Esteves Cert. and the accompanying exhibits are
stricken.  See id. at 521 (striking and disregarding declaration
and accompanying materials even where the exhibits contain
material that is already part of the record and the new items
are responsive to the motion for reconsideration); see also

6

Ramasamy v. Essar Global Ltd., No. 11 Civ. 3912(JSR), 2012 WL
1681763, at *1 n.1 (S.D.N.Y. May 8, 2012) (stating that "the
Court does not consider the [additional] declaration or
accompanying exhibit in deciding this motion. . ."); see also
Pegoraro v. Marrero, No. 10 Civ. 51(AJN)(KNF), 2012 WL 3112331,
at *3 (S.D.N.Y. Aug 1, 2012) (declining to consider declaration
and exhibits submitted in support of a motion for
reconsideration).

     Moreover, Ferring has not identified any intervening
change in controlling law, no new evidence and no manifest
injustice arising therefrom.  Instead, it repeats arguments made
in its prior briefing and presents visual depictions of a
chronology of various purported acts by Defendants.  Even if the
Court considered the exhibits, the timelines arrange post-2003
conduct that the Court previously found irrelevant does
demonstrate clear error that could support reconsideration.
Accordingly, for failure to comply with Local Rule 6.3, the
Plaintiff's motion for reconsideration is denied.


**II.  The Motion to Amend is Denied At this Time**


                              7

As alternative relief, Plaintiffs seek leave to file an amended complaint.

Standard of Review

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint shall be give "freely" when "justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits," Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

However, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of

8

fact."); see also Soward v. Deutsche Bank AG, 814 F. Supp. 2d
272, 285 (S.D.N.Y. 2011) (citation and internal quotation marks
omitted).  In addition, an amendment to a pleading will be
futile if a proposed claim could not withstand a motion to
dismiss pursuant to Rule 12(b)(6). Ricciuti v. N.Y.C. Transit
Auth., 941 F.2d 119, 123 (2d Cir. 1991).


Discussion


          Ferring proposed a scheduling order, which was
granted, which awarded an extension of time for the specific
purpose of moving for reconsideration.  (See March 28 Order).
That Court-ordered extension also outlined the procedures by
which Ferring could amend its Complaint.  (Id. at 1).  The March
28 Order expressly required Ferring to file and serve an amended
complaint after this Court's disposition of Ferring's motion for
reconsideration.  (Id.) (stating that "Plaintiffs shall file and
serve, no later than two weeks after the Court's disposition of
Plaintiffs' bases for reconsideration, an amended complaint
reflecting the Court's disposition, including specifying which
defendants are named with respect to each surviving cause of
action and deleting any allegations pleaded solely in support of
dismissed causes of action.").

9

Thus, the March 28 Order directed Ferring to submit an amended complaint after the Court's ruling on reconsideration, but not before, and contained no provision for Ferring to seek leave to amend prior to the determination of the reconsideration motion.

Accordingly, the motion for reconsideration is denied and the alternative motion to amend is denied, without prejudice to permit Ferring to move for leave to amend in compliance with the March 28 Order.

It is so ordered.

**New York, NY**
**August       , 2013**

_____
ROBERT W. SWEET
U.S.D.J.

10