```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

FERRING B.V., FERRING
INTERNATIONAL CENTER S.A., AND
FERRING PHARMACEUTICALS INC.,

                Plaintiffs,                  12 Civ. 2650

    -against-                                SEALED OPINON

ALLERGAN, INC., ALLERGAN USA, INC.,
ALLERGAN SALES, LLC, SERENITY
PHARMACEUTICALS CORPORATION,
SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC,
SEYMOUR H. FEIN, AND RONALD V.
NARDI,

                Defendants.

-----------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiffs

        GIBBONS P.C.
        One Gateway Center
        Newark, NJ  07102
        By:  Elvin Esteves, Esq.
             William P. Deni, Jr., Esq.

        FINNEGAN, HENDERSON, FARABOW,
        GARRETT & DUNNER, LLP
        901 New York Avenue, N.W.
        Washington, D.C.  20001-4413
        By:  James B. Monroe, Esq.
             Paul W. Browning, Esq.
             Adriana L. Burgy, Esq.
             Charles T. Collins-Chase, Esq.
             Pier D. DeRoo, Esq.
```

Attorneys for Defendants

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
By:  Joseph Evall, Esq.
     Michael B. Adelman, Esq.

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612
By:  Jeffrey T. Thomas, Esq.
     Zachariah J. Lloyd, Esq.

**Sweet, D.J.,**

Plaintiffs Ferring B.V., Ferring International Center S.A., and Ferring Pharmeceuticals Inc. (collectively, "Ferring" or "Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 54(b) for a certification of judgment of this Court's August 31, 2015 opinion and March 19, 2013 opinion and for a stay of proceedings. Based on the conclusions set forth below, the motion is denied and the case will proceed to trial.

## I. Prior Proceedings

Familiarity with the prior proceedings and facts of this case as discussed in the Court's prior opinions is assumed. See generally Ferring B.V. v. Allergan, Inc., No. 12 CIV. 2650, 2016 WL 1319160 (S.D.N.Y. Jan. 7, 2016); Ferring B.V. v. Allergan, Inc., 4 F. Supp. 3d 612 (S.D.N.Y. 2014); Ferring B.V. v. Allergan, Inc., No. 12 CIV. 2650 RWS, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013); Ferring B.V. v. Allergan, Inc., 932 F. Supp. 2d 493 (S.D.N.Y. 2013). The following summary is a brief retelling of prior proceedings for purposes of approaching the instant motion.

On April 5, 2012, Ferring filed its complaint against Defendants Allergan Inc., Allergan USA, Inc., Allergan Sales, LLC, Serenity Pharmaceuticals Corp., Serenity Pharmaceuticals, LLC, Reprise Biopharmaceutics, LLC, Seymour H. Fein, and Ronald V. Nardi (collectively, "Defendants"). Compl. The action, in short, involves inventorship claims relating to Allergan's patents for formulations of demopressin, a synthetic version of a human hormone antidiuretic. Defendants counterclaimed against Plaintiffs on April 3, 2014, alleging ownership of Ferring's desmopressin patents.

On March 18, 2013, the Court granted Defendants' motion to dismiss in part on the basis that counts 4-17 were time-barred. 932 F. Supp. 2d 493 (S.D.N.Y. 2013) reconsideration denied, No. 12 CIV. 2650 (RWS), 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013) (the "Motion to Dismiss Opinion"). On April 16, 2013, Ferring moved for reconsideration, or in the alternative, leave to file an amended complaint. The motion was denied on August 7, 2013, with leave granted to permit Ferring to move for leave to amend in compliance with the March 18 Order. Ferring B.V. v. Allergan, Inc., No. 12 CIV. 2650 (RWS), 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013). On August 22, 2013, Ferring moved to amend the complaint. The motion was denied in its entirety on March 7, 2014. Ferring

3

B.V. v. Allergan, Inc., 4 F. Supp. 3d 612 (S.D.N.Y. 2014). On August 31, 2015, this Court granted Defendants' motion for summary judgment, finding Ferring's patent inventorship claims barred by equitable estoppel. Ferring B.V. v. Allergan, Inc., No. 12 CIV. 2650, 2015 WL 5671799, at *1 (S.D.N.Y. Sept. 22, 2015) ("Equitable Estoppel Opinion").

On March 15, 2016, Ferring moved to certify the first and last of the aforementioned opinions: the Motion to Dismiss opinion, dated March 18, 2013 and filed March 19, 2013, and the Equitable Estoppel opinion, dated August 31, 2015 and unsealed September 22, 2015. Oral argument was held on April 21, 2016, at which time the motion was deemed fully submitted.

## II. Applicable Standard

> Federal Rule of Civil Procedure 54(b) provides:
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a

> judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. Rule 54(b) may therefore be exercised where there are (1) multiple claims or parties, (2) the rights or liabilities of at least one party have been finally decided; and (3) the Court has determined there is no just reason for delay." Ginett v. Computer Task Grp., Inc., 962 F.2d 1085, 1091 (2d Cir. 1992).

Rule 54 is a permissive, not mandatory, mechanism to be "exercised in the interest of sound judicial administration." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980) (citations omitted). It is therefore "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Id. (citations omitted). Moreover, "the power to certify a judgment as final should be 'exercised sparingly,'" HSW Enterprises, Inc. v. Woo Lae Oak, Inc., No. 08 CIV. 8476(LBS), 2010 WL 1630686, at *1 (S.D.N.Y. Apr. 21, 2010) (citing Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir.1991)).

5

Similarly, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). It deciding whether to grant a stay, the Court balances competing interests in exercising its best judgment. Id. at 254-55.

## III. The Motion is Denied in Full

This action meets the threshold requirements of Rule 54 certification given multiple claims and parties are involved, and the rights and liabilities of Ferring were finally decided in the opinions Ferring seeks to certify. Plaintiffs submit there is no just reason for delay of appeal on these matters because (1) the application of equitable estoppel and time bars are separable from the only claims that remain in this case (that is, the Allergan counterclaims) and did not address the merits; (2) the Court acknowledged its estoppel finding turned on a close question of law; (3) permitting appeal at this stage "could potentially avoid separate trials," Pl.'s Mem. in Supp. Mot. for Cert. at 8 ("Pl.'s Mot."), serving the interests of sound judicial administration and efficiency; and (4) no

6

prejudice would result as neither parties have received approval to market desmopressin in the United States. Pl.'s Mem. in Supp. Mot. for Cert. at 4-9.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp., 446 U.S. at 8. Plaintiff cites the fact that the Court's Equitable Estoppel opinion relied on a "close question," but other than the possibility of success on appeal, does not argue that the equities favor certification. Pl.'s Mem. of Law. in Supp. for Cert. at 7-8. Beyond this factor, Plaintiff's equities argument submits only that Defendant would not be prejudiced by certification, and that all parties are best served by efficient resolution of all claims. Pl.'s Mem. of Law. in Supp. for Cert. at 8-9; Pl.'s Reply at 8-9.

With respect to administrative interests, Plaintiff's arguments do not justify further delay of this case or demonstrate that efficiency could be promoted by certification at this stage. Assuming appeal is certified and Plaintiff is successful, the action will return for trial of both Plaintiffs'

claims and Defendants' counterclaims, to be followed by near certain appeal of the resolution on the merits. In the event appeal is certified at this stage and Defendant is meritorious, the outcome is procedurally and temporally similar: appeal before trial, trial in this Court on Allergan's counterclaims, and appeal after trial. In other words, no matter the outcome, one trial and two appeals.

However, if appeal is not certified at this stage, trial on Allergan's counterclaims will proceed, and all issues can be appealed together. Denial of certification of appeal holds the only possibility of streamlining this case and promoting efficiency, economy, convenience, and timely final resolution for all parties by eliminating the reduplication of efforts.

Certification under Rule 54(b) is the exception, not the rule. Curtiss-Wright Corp., 446 U.S. at 8 ("the Rule effectively preserves the historic federal policy against piecemeal appeals" (citations and internal quotation marks omitted)). It "should be granted only where there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by

8

immediate appeal." <u>Hogan v. Consol. Rail Corp.</u>, 961 F.2d 1021, 1025 (2d Cir. 1992). Lacking any injustice, hardship, or prejudice that would be alleviated by immediate appeal, the considerations of efficiency and sound judicial administration provide sufficient just reason to delay appeal of all issues until after trial. Certification not being warranted, the motion to stay is likewise denied.

**IV.   Conclusion**

Based on the conclusions set forth above, Plaintiffs motion for certification of judgments and stay of trial proceedings, ECF No. 218, is denied.

In light of the confidentiality stipulation and order entered in this case, the parties are directed to jointly submit a redacted version of this opinion to be filed publicly or otherwise notify the Court that no redactions are necessary within two weeks of the date of distribution of this opinion.

It is so ordered.

New York, NY
May 6/8, 2016

ROBERT W. SWEET
U.S.D.J.