UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

FERRING B.V., FERRING
INTERNATIONAL CENTER S.A., and        12 Civ. 2650
FERRING PHARMACEUTICALS INC.,
                                         OPINION
         Plaintiffs and Counter-
         Defendants,

   -against-

ALLERGAN, INC., ALLERGAN USA, INC.,
ALLERGAN SALES, LLC, SERENITY
PHARMACEUTICALS CORPORATION,
SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC,
SEYMOUR H. FEIN, and RONALD V. NARDI,

         Defendants and
         Counterclaimants.

------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-28-16

A P P E A R A N C E S:

   Attorneys for Plaintiffs

   GIBBONS P.C.
   One Gateway Center
   Newark, NJ 07102
   By:  William P. Deni, Jr., Esq.
        Jeffrey A. Palumbo, Esq.

   FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
   901 New York Avenue, N.W.
   Washington, D.C.  20001-4413
   By:  James B. Monroe, Esq.
        Paul W. Browning, Esq.
        Adriana L. Burgy, Esq.
        Charles T. Collins-Chase, Esq.
        Pier D. DeRoo, Esq.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP
Atlantic Station
271 17th St., NW, Suite 2400
Atlanta, GA 30363
By:  John W. Cox, Ph.D.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801


Attorneys for Defendants

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 48th Floor
New York, NY 10166-0193
By:  Joseph Evall, Esq.


GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
By:  Jeffrey Thomas, Esq.
     Zachariah J. Lloyd, Esq.

**Sweet, D.J.**

The defendants and counterclaimants Allergan, Inc., Allergan USA, Inc., and Allergan Sales, LLC (collectively, "Allergan" or the "Defendants") have moved *in limine* to exclude evidence proffered by the plaintiff Ferring B.V., Ferring International Center S.A., and Ferring Pharmaceuticals Inc. ("Ferring" or the "Plaintiff") consisting of Allergan's due diligence and the testimony of Dr. Richard Sandstrom ("Sandstrom"). The motion is granted in part and denied in part as set forth below.

**Prior Proceedings**

Familiarity with facts and prior proceedings as set forth in the opinions of court dated March 19, 2013, August 7, 2013, March 13, 2014, January 7, 2016, and June 14, 2016 is presumed.

The two remaining claims are Allergan's counterclaims to name Dr. Fein as a joint inventor on two Ferring patents, United States Patents No. 7,560,429 and No. 7,947,654, based on work that he did in or about 2002.

1

The motions were heard on June 2, 2016.

**Applicable Standard**

The purpose of a motion *in limine* "is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence ... without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted). The power to rule on motions *in limine* lies within the district court's "inherent authority to manage the course of its trials." *Carofino v. Forester*, 450 F. Supp.2d 257, 270 (S.D.N.Y. 2006). This includes the authority to prohibit irrelevant and prejudicial arguments or references at trial. See, e.g., *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 578109, at *3 (S.D.N.Y. Mar. 4, 2005).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. "If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant. If it does not tend to prove a material fact, it is irrelevant." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007

(internal citation omitted). "A material fact is one that would affect the outcome of the suit under the governing law." Id.

**The Relevance of Allergan's Due Diligence Has Not Been Established**

Allergan acquired rights to Dr. Fein's inventions eight years later, in 2010. The negotiations culminating in that agreement, and Allergan's internal due diligence, largely took place between 2008 and 2010, and did not involve Ferring.

Ferring has asserted that certain of the evidence concerning Allergan's due diligence may be relevant to an equitable estoppel and laches defense. Whether or not Allergan's knowledge in March 2009 becomes relevant can best be determined after proof of Allergan's claims and standing has been submitted.

The motion to exclude evidence concerning the due diligence negotiations is granted.

**The Testimony of Sandstrom is Excluded**

Sandstrom has not been designated by Ferring as an expert, but Ferring proposes to submit him as a trial witness with respect to his declaration previously submitted to the PTO.

It is difficult at this juncture to determine what facts, as opposed to expert opinion, Sandstrom, might proffer relevant to the claim of inventorship in 2002. While Sandstrom's testimony as an expert is precluded, the proffer of his testimony as a trial witness with respect to facts will be determined at trial.

**Conclusion**

The motion *in limine* of Allergan to preclude evidence of due diligence and by Sandstrom is granted in part and denied in part as set forth above.

It is so ordered.

**New York, NY**
**October ___, 2016**

_____
ROBERT W. SWEET
U.S.D.J.