**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

FERRING B.V., FERRING INTERNATIONAL )
CENTER S.A., and FERRING )
PHARMACEUTICALS INC., )
            )
         Plaintiffs, )
            )
         -v- )    No. 12-CV-2650 (RWS)
            )    ECF CASE
ALLERGAN, INC., ALLERGAN USA, INC., )
ALLERGAN SALES, LLC, SERENITY )
PHARMACEUTICALS CORPORATION, )
SERENITY PHARMACEUTICALS, LLC, )
REPRISE BIOPHARMACEUTICS, LLC, )
SEYMOUR H. FEIN, and RONALD V. NARDI, )
            )
         Defendants. )
-------------------------------------------------------- )


## MEMORANDUM OF LAW IN SUPPORT OF REPRISE AND SERENITY'S MOTION FOR SUBSTITUTION OF PARTIES PURSUANT TO FED. R. CIV. P. 25(c)

James Sottile, IV (admitted *pro hac vice*)
Christopher J. Harnett (CH3658)
Shehla Wynne (SW1983)
Kevin V. McCarthy (KM1028)
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3939
jsottile@jonesday.com
charnett@jonesday.com
swynne@jonesday.com
kmccarthy@jonesday.com

*Attorneys for Defendants*
*Serenity Pharmaceuticals Corporation,*
*Serenity Pharmaceuticals, LLC, Reprise*
*Biopharmaceutics, LLC, Seymour H.*
*Fein and Ronald V. Nardi*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

TABLE OF ABBREVIATIONS ................................................................................................... iii

I.     PRELIMINARY STATEMENT ........................................................................................ 1

II.    LEGAL STANDARD ........................................................................................................ 2

III.   ARGUMENT ..................................................................................................................... 2

IV.   CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page**

CASES

*In re Rates - Viper Patent Litig.*,
   C.A. No. 09-4068-LTS, 2011 WL 856261 (S.D.N.Y. Mar. 10, 2011) .....................................2

*Travelers Ins. Co. v. Broadway W. Street Assocs.*,
   164 F.R.D. 154 (S.D.N.Y. 1995) ...............................................................................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 25(c) ...........................................................................................................1, 2, 3

# TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Serenity | Serenity Pharmaceuticals Corporation and Serenity Pharmaceuticals, LLC |
| Reprise | Reprise Biopharmaceutics, LLC |
| Fein | Dr. Seymour H. Fein |
| Nardi | Dr. Ronald V. Nardi |
| Allergan | Allergan, Inc., Allergan USA, Inc., and Allergan Sales, LLC |
| Ferring | Ferring B.V., Ferring International Center S.A., and Ferring Pharmaceuticals Inc. |
| '429 patent | U.S. Patent No. 7,560,429 |
| '654 patent | U.S. Patent No. 7,947,654 |

Pursuant to Federal Rule of Civil Procedure 25(c), Reprise and Serenity respectfully submit this Memorandum of Law in support of their motion for substitution as the counterclaimants in place of Allergan.

## I.     PRELIMINARY STATEMENT[1]

Ferring commenced this litigation on April 5, 2012 against Serenity, Reprise, Nardi, Fein, and Allergan with respect to Fein's low dose desmopression inventions.  In 2007, Fein assigned all rights in those inventions to Reprise—an organization in which he is a principal and equity partner along with Nardi.  (*See, e.g.*, Dkt. 82 ¶¶ 12, 13.)  Fein is also the Chief Medical Officer of Serenity Pharmaceuticals, LLC, a company that was formed to develop desmopressin products in accordance with Fein's inventions.  (*Id.*)  In 2010, Allergan entered into an agreement with Reprise and Serenity to assist with the development of low dose desmopressin formulations (the "Development Agreement").  The series of transactions culminating in this Development Agreement included a transfer of all right, title, and interest in Fein's inventions—the three patents that Ferring sued on where Fein is a named inventor and all rights in the '429 and '654 patents that are the subjects of the counterclaims—to Allergan.

At the present time, the only claims pending before this Court are Allergan's counterclaims regarding the correction of inventorship of the '429 and '654 patents to add Dr. Fein as a joint inventor.  (*See* Dkt. 224 at 4.)  Allergan brought these counterclaims pursuant to the rights it acquired in the Development Agreement.

On March 6, 2017, following the FDA's approval of the NOCTIVA product developed by Allergan and Serenity, an embodiment of Fein's low dose desmopressin inventions, Serenity announced that Allergan had exercised its contractual option to withdraw from the Development

---

[1] Given the Court's familiarity with the facts and procedural history of this case, Reprise and Serenity have limited their statement to facts relevant to the instant motion.

Agreement with Reprise and Serenity. (Ex. 1). In accordance with the terms of the Development Agreement, all of the right, title, and interest acquired by Allergan in Fein's inventions reverted to Reprise and Serenity effective May 28, 2017. (*See* Ex. 2 at § 13.5(b)). Because Allergan's interest in Fein's inventions was the basis of its counterclaims, Serenity and Reprise are now the proper parties to assert such counterclaims and, as discussed with the Court at the June 13, 2017 conference, are ready to try them. (*See* Ex. 1.)

## II.    LEGAL STANDARD

Under Federal Rule 25(c) "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Relief under Rule 25 "is generally within the sound discretion of the trial court." *In re Rates - Viper Patent Litig.*, C.A. No. 09-4068 LTS, 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011) (citations omitted). "[T]he primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." *Id.* Moreover, "substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. Street Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (citing *Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)).

## III.    ARGUMENT

As Allergan's successors-in-interest with respect to the interest in Fein's inventions that is the basis for the counterclaims, Reprise and Serenity may properly be substituted as counterclaimants under Federal Rule 25(c). Moreover, substitution will promote the efficient resolution of the case, and Ferring will not be prejudiced by the substitution.

Allergan possessed an interest in Fein's inventions embodied in the '429 and '654 patents at the time it first asserted its counterclaims, but by virtue of the termination, it no longer possesses that interest. As stated above, the Development Agreement specifically provides that, upon early termination, Allergan's rights pursuant to the agreement are assigned back to Reprise and Serenity. (*See* Ex. 2 at § 13.5(b)). Consequently, Reprise and Serenity are the current holders of all right, title, and interest in Dr. Fein's low dose desmopressin inventions, and, therefore, are parties with a substantial interest in the outcome of this litigation. Reprise and Serenity, as successors-in-interest to Allergan may, therefore, be substituted as counterclaimants.

Granting the requested relief will simplify the case and promote efficiency and economy by allowing the real parties in interest to pursue the pending counterclaims. After years of litigating this case, and with trial expected to be scheduled for October of this year,[2] the parties are approaching a resolution of their longstanding dispute regarding the inventorship of the '429 and '654 patents. Allowing Reprise and Serenity to pursue the counterclaims will ensure that the issue is tried by the proper parties who have an interest in the outcome.

Finally, because substitution under Rule 25 is procedural and does not affect the substantive rights of the parties, Ferring will not be prejudiced should the Court grant this motion. Reprise and Serenity would simply step into Allergan's shoes and the litigation would proceed between the real parties in interest. This would not prejudice Ferring in any way: Any defenses that Ferring plans to assert against Allergan can be asserted against Reprise and Serenity. Moreover, all relevant discovery concerning the counterclaims was conducted while Allergan was the counterclaimant.

---

[2] At the June 13 conference, the Court proposed scheduling the trial of the counterclaims to begin on October 10, 2017 and asked the parties to advise as to their availability. Serenity and Reprise promptly advised Ferring that they are available for trial on October 10 and are awaiting a response.

## IV.    CONCLUSION

For the reasons set forth above, Reprise and Serenity respectfully request that the Court

grant their motion for substitution of parties.

Dated:  July 11, 2017                          Respectfully submitted,
       New York, New York

*/s/ James Sottile, IV*

James Sottile, IV (admitted pro hac vice)
Christopher J. Harnett (CH3658)
Shehla Wynne (SW1983)
Kevin V. McCarthy (KM1028)
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3939
jsottile@jonesday.com
charnett@jonesday.com
swynne@jonesday.com
kmccarthy@jonesday.com

*Attorneys for Defendants*
*Serenity Pharmaceuticals Corporation,*
*Serenity Pharmaceuticals, LLC, Reprise*
*Biopharmaceutics, LLC, Seymour H. Fein*
*and Ronald V. Nardi*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 11, 2017, I caused the foregoing Memorandum of Law In Support of Reprise and Serenity's Motion for Substitution of Parties Pursuant to Fed. R. Civ. P. 25(c) to be electronically filed with the Clerk of Court using the CM/ECF system and served upon all counsel of record through the CM/ECF system.

*/s/ Shehla Wynne*
Shehla Wynne
