UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FERRING B.V., FERRING
INTERNATIONAL CENTER S.A., and
FERRING PHARMACEUTICALS INC.,

               Plaintiffs,

     v.

ALLERGAN, INC., ALLERGAN USA, INC.,        No. 12 cv 2650 (RWS)
ALLERGAN SALES, LLC, SERENITY                 ECF CASE
PHARMACEUTICALS CORPORATION,
SERENITY PHARMACEUTICALS, LLC,
REPRISE BIOPHARMACEUTICS, LLC,
SEYMOUR H. FEIN, and RONALD V.
NARDI,

               Defendants.
              .
-----------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF JOINDER BY ALLERGAN DEFENDANTS-COUNTERCLAIMANTS IN REPRISE AND SERENITY'S MOTION FOR SUBSTITUTION OF PARTIES PURSUANT TO FED. R. CIV. P. 25(c)**

      Defendants and counterclaim-plaintiffs Allergan, Inc.; Allergan USA, Inc.; and Allergan Sales, LLC (together, "Allergan") join Reprise and Serenity's Motion for Substitution of Parties Pursuant to Fed. R. Civ. P. 25(c) (Dkt. 269), which is scheduled to be heard by this Court at 11:00 a.m. on August 9, 2017.  For the reasons set forth in the Memorandum of Law in Support of Reprise and Serenity's Motion for Substitution of Parties Pursuant to Fed. R. Civ. P. 25(c) (Dkt. 270)(the "Reprise-Serenity Memorandum") and the accompanying materials filed therewith, and as set forth below, the motion for substitution should be granted.

**BACKGROUND**

1. **Until Recently, Allergan Possessed an Interest in Dr. Fein's Inventions, Including Those Claimed in the Ferring '429 and '654 Patents**

As explained in the Reprise-Serenity Memorandum, in 2014, when Allergan asserted counterclaims seeking to correct the inventorship of Ferring's '429 and '654 patents to add Dr. Fein as a named inventor (Dkt. 93), Allergan possessed an interest in Dr. Fein's inventions and appropriately sought the relief requested in those counterclaims.  (Dkt. 270).  Allergan continued to possess that interest in Dr. Fein's inventions:

- in September 2015, when Allergan opposed Ferring's motion for summary judgment to dismiss Allergan's counterclaims (Dkt. 191);

- in January 2016, when the Court denied Ferring's summary judgment motion in part, thereby permitting trial of the Allergan counterclaims insofar as they sought to name Dr. Fein as a joint inventor (rather than as sole inventor) on the two Ferring patents (Dkt. 212);

- in April 2016, when Allergan opposed Ferring's motion to stay trial of the counterclaims and/or permit Ferring to take an immediate appeal from the Court's various decisions dismissing all 17 of Ferring's claims in the lawsuit (Dkt. 221); and

- in May and June 2016, when that motion was denied, and the parties prepared for trial of the counterclaims, including preparation and submission of a Joint Final Pretrial Order (Dkts. 224 and 237).

2. **Allergan's Interest in Dr. Fein's Inventions Has Reverted to Reprise and Serenity**

As explained in the Reprise-Serenity Memorandum,  earlier this year Allergan exercised its contractual option and withdrew from its Development Agreement with Reprise and Serenity. (Dkt. 270 at 5-6).  As provided by that Agreement (Dkt. 271, Ex. 2)—which Ferring itself designated as an exhibit in the trial of the counterclaims—the right, title, and interest acquired by Allergan in Fein's invention therefor reverted to Reprise and Serenity effective at the end of

2

May, 2017.  With that reversion, Reprise and Serenity—and not Allergan— became the real parties in interest with respect to Dr. Fein's inventions.

3.     **Reprise and Serenity Are Now the Real Parties in Interest With Respect to the Counterclaims**

Because Reprise and Serenity are the real parties in interest with respect to Dr. Fein's inventions, they are also now the real parties in interest with respect to the correction of inventorship on Ferring's patents, and for the counterclaims that Allergan pleaded and has litigated in this action.  The parties attempted to effect a substitution pursuant to Rule 25(c) by agreement, but those efforts failed.  As a consequence,  Reprise and Serenity have moved for substitution.  (Dkt. 269).  Allergan joins in the request by Reprise and Serenity that they be substituted for Allergan as the parties to litigate Allergan's counterclaims.

The requested substitution should not prejudice any party, or delay trial of the counterclaims.   Counsel for Reprise and Serenity have stated that they will be ready to try to the counterclaims by the October dates currently held on the Court's calendar as the earliest possible time for such trial.

4.     **With Allergan's Joinder in the Reprise-Serenity Motion, Any Argument that the Court May Not Hear Such Motion is Moot.**

Counsel for Ferring have asserted in a letter to the Court that Serenity and Reprise "are not parties" in this case and that, accordingly, "the Court should disregard and strike Serenity and Reprise's motion for substitution." (Dkt. 274 at 2).  Counsel for Serenity and Reprise appeared at this Court's June 13, 2017 conference concerning the trial of the counterclaims; worked with the Court and Ferring at the conference to discuss the schedule for the upcoming trial; and otherwise led all discussions of that trial—with no objection by Ferring that counsel for

Serenity and Reprise lacked the authority to do so.  Having acceded to full participation by counsel for Serenity and Reprise in the Court's case-management and trial-scheduling conference, Ferring should not now complain about that participation.

Serenity and Reprise are proper parties to their motion for substitution, which was brought and served by counsel for Serenity and Reprise as provided under Fed. R. Civ. P. 25(c) and 25(a)(3).  In any event, Ferring does not dispute that Allergan *is* currently a party in this litigation.  Because Allergan fully joins in the Serenity and Repise motion for substitution, Ferring's argument that the motion is not properly before the Court is moot.

## **CONCLUSION**

For the reasons set forth in Reprise and Serenity's memorandum in support of their motion for substitution of parties, and as further set forth above, Allergan respectfully requests that the motion for substitution of parties be granted and that Reprise and Serenity be substituted as the counterclaimants in place of Allergan.

Dated: July 24, 2017
       New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Joseph Evall*

Joseph Evall
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 48th Floor
New York, New York 10166-0193
Telephone: (212) 351-3902
Facsimile: (212) 351-4035
jevall@gibsondunn.com

Jeffrey T. Thomas
Zachariah J. Lloyd
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
jtthomas@gibsondunn.com
zlloyd@gibsondunn.com

*Attorneys for Allergan, Inc., Allergan USA, Inc., Allergan Sales, LLC*