UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERRING B.V., FERRING INTERNATIONAL CENTER S.A., and FERRING PHARMACEUTICALS INC., <br><br> Plaintiffs and Counter-Defendants <br><br> v. <br><br> ALLERGAN, INC., ALLERGAN USA, INC., ALLERGAN SALES, LLC, SERENITY PHARMACEUTICALS CORPORATION, SERENITY PHARMACEUTICALS, LLC, REPRISE BIOPHARMACEUTICS, LLC, SEYMOUR H. FEIN, and RONALD V. NARDI, <br><br> Defendants and Counterclaimaints. | Civil Action No. 12-CV-2650-RWS <br><br> ECF Case |

**MEMORANDUM OF LAW IN OPPOSITION TO REPRISE AND SERENITY'S MOTION FOR SUBSTITUTION OF PARTIES PURSUANT TO FED. R. CIV. P. 25(c)**

## TABLE OF CONTENTS

                                                    **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ....................................................................................................1

II.     LEGAL STANDARDS ............................................................................................2

III.    ARGUMENT ............................................................................................................2

          A.      Allergan Lacked Standing Because It Never Possessed Any Purported Interest in Ferring's Patents, and Thus It Cannot Transfer Any Such Interest to Serenity and Reprise ....................................................................2

          B.      Serenity and Reprise Fail to Provide Evidence to Show a Transfer of Interest, as Required Under Rule 25(c) ....................................................3

          C.      Substitution Will Not Expedite or Simplify This Action .........................4

IV.    CONCLUSION .........................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Automated Info. Processing Inc. v. Genesys Solutions Grp., Inc.*,
　164 F.R.D. 1 (E.D.N.Y. 1995) ....................................................................................2, 3

*Fashion G5 LLC v. Anstalt*,
　No. 14-5719, 2016 WL 7009043 (S.D.N.Y. Nov. 29, 2016) ....................................2, 4

*Hollingsworth v. Perry*,
　133 S. Ct. 2652 (2013) ..................................................................................................4

*In re Chalasani*,
　92 F.3d 1300 (2d Cir. 1996) .....................................................................................2, 3

*Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*,
　757 F.2d 1256 (Fed. Cir. 1985) ....................................................................................4

*Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*,
　335 F.3d 66 (2d Cir. 2003) .......................................................................................2, 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................4

Fed. R. Civ. P. 25(c) ....................................................................................................1, 2, 3

## I. INTRODUCTION

At the June 13, 2017 pretrial conference, counsel for Serenity and Reprise informed the Court that they intended to formally move to substitute as plaintiffs on Allergan's inventorship counterclaims. In response, Ferring explained that it could not agree to the proposed substitution because Serenity, Reprise, and Allergan all lack standing to pursue the counterclaims. Although Serenity and Reprise's counsel assured the Court that their motion would include a detailed explanation of their basis for arguing that Allergan has had standing throughout this case and that Serenity and Reprise now have standing, the motion does no such thing. On the contrary, it does not address standing at all and makes no effort to provide the bases for any of the alleged transfers of rights.

As discussed in detail in Ferring's pending motion to dismiss Allergan's counterclaims for lack of subject matter jurisdiction, Dr. Seymour Fein never transferred any purported interest in Ferring's patents to Reprise or Serenity, and thus Serenity and Reprise could not have transferred any alleged interest in Ferring's patents to Allergan. (D.I. 264 at 11-16.) Because Allergan has never possessed any interest in Ferring's patents, this nonexistent interest cannot now revert back to Serenity or Reprise. Accordingly, Reprise and Serenity also lack standing and, moreover, the transfer of interest required for a motion under Rule 25(c) has not occurred. Reprise and Serenity's motion offers no proof of the alleged transfer of interest. Ferring respectfully asks the Court to reject Serenity and Reprise's invitation to defer consideration of the standing deficiencies of Allergan's counterclaims. (D.I. 274.) Instead, the Court should deny their motion to substitute and instead grant Ferring's motion to dismiss Allergan's inventorship counterclaims for lack of standing.

## II. LEGAL STANDARDS

Substitution under Rule 25(c) is "generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003) (citations omitted). The Second Circuit has explained, however, that "such discretion may not be abused by allowing substitution in the absence of a transfer of interest." *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (citation omitted). Other courts in this Circuit have similarly explained that Rule 25(c) contemplates that "the original party have an interest to transfer." *Automated Info. Processing Inc. v. Genesys Solutions Grp., Inc.*, 164 F.R.D. 1, 3 (E.D.N.Y. 1995). A court's discretion to grant a motion for substitution thus does not extend to cases where a party fails to establish a transfer of interest occurred. *See Organic Cow*, 335 F.3d at 71; *see also Fashion G5 LLC v. Anstalt*, No. 14-5719, 2016 WL 7009043, at *3 (S.D.N.Y. Nov. 29, 2016).

## III. ARGUMENT

### A. Allergan Lacked Standing Because It Never Possessed Any Purported Interest in Ferring's Patents, and Thus It Cannot Transfer Any Such Interest to Serenity and Reprise

As discussed in detail in Ferring's pending motion to dismiss for lack of subject matter jurisdiction (D.I. 264), Allergan never possessed any interest in Ferring's patents. Although the relevant agreements identify the specific patent rights being assigned, they do not identify Ferring's patents or include any broad language transferring any purported interest in Ferring's patents to Allergan. The March 2007 Agreement between Dr. Fein and Reprise did not assign any purported interest in Ferring's patents to Reprise. (D.I. 264 at 11-13.) Reprise thus could not have assigned any purported interest in Ferring's patents to Allergan in the March 2010 agreements among Reprise, Serenity, and Allergan. (*Id.* at 11-16.) Moreover, Allergan's

nonexistent interest cannot now revert back to Serenity or Reprise, and thus they also have no purported interest in Ferring's patents that would give them standing to substitute as plaintiffs on Allergan's counterclaims.

Serenity and Reprise offer no explanation as to how Allergan had standing when it filed its counterclaims or how Serenity and Reprise now allegedly have standing. Instead, their motion simply asserts without proof that "Allergan possessed an interest in Dr. Fein's inventions embodied in the '429 and '654 patents at the time it first asserted its counterclaims" (D.I. 270 at 3) that has now reverted to either Serenity or Reprise. They cite only an incomplete copy of the March 2010 agreement between Allergan and Serenity, which does not evidence a transfer of any purported rights to Ferring's patents, and a May 25, 2017 press release that they contend establishes that rights in Ferring's patents transferred to Reprise and/or Serenity. The motion, however, fails to identify in these documents any purported transfer of an interest in Ferring's patents that could confer standing on Allergan, Serenity, or Reprise, or even to mention standing at all. Because Serenity and Reprise failed to explain why substitution should be permitted despite this lack of standing, the Court should reject their motion to substitute as plaintiffs.

**B.    Serenity and Reprise Fail to Provide Evidence to Show a Transfer of Interest, as Required Under Rule 25(c)**

In addition to their failure to address these standing deficiencies, Serenity and Reprise also fail to offer proof that any purported interest in Ferring's patents transferred to them from Allergan, as required for a Rule 25(c) substitution. *See In re Chalasani*, 92 F.3d at 1312; *see also Automated Information*, 164 F.R.D. at 3. Without citing any evidence, they contend that "[t]he series of transactions culminating in this Development Agreement included a transfer of all right, title, and interest in . . . the '429 and '654 patents" (D.I. 270 at 1), but do no more than attach a copy of the May 25, 2017 press release and a redacted version of one of the 2010

3

agreements, leaving it to the Court to divine how these transfers allegedly occurred. This lack of proof or explanation gives the Court no evidence on which to decide whether any interest was transferred or how Allergan possessed any alleged interest that it could transfer, and thus is insufficient to support the requested substitution. *See Organic Cow*, 335 F.3d at 71; *Fashion G5*, 2016 WL 7009043, at *3. The failure to establish a transfer of any interest in Ferring's patents is an additional reason for the Court to reject their unsupported motion for substitution.

### C. Substitution Will Not Expedite or Simplify This Action

Rather than address the standing deficiencies Ferring identified or provide evidence to show the required transfers of a purported interest in Ferring's patents, Serenity and Reprise instead ask the Court to defer consideration of the standing issue until trial in October. (D.I. 272.) Contrary to Serenity and Reprise's contentions in their motion for substitution, however, this approach would not expedite or simplify this action. Subject matter jurisdiction over the inventorship counterclaims is determined based on the original party, Allergan, *see Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985), and must exist at all times during the counterclaims' pendency. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). Granting the motion for substitution when Allergan, Serenity, and Reprise all lack standing would result in a purely advisory trial on claims over which the Court lacks subject matter jurisdiction. By contrast, addressing Ferring's motion to dismiss now could moot the need for trial altogether, thus greatly simplifying and expediting this case.

## IV. CONCLUSION

For the foregoing reasons, Ferring respectfully requests that the Court reject Serenity and Reprise's motions to substitute as plaintiffs and instead grant Ferring's Rule 12(b)(1) motion to dismiss Allergan's inventorship counterclaims for lack of standing.

Respectfully submitted,

**GIBBONS P.C.**

Dated: July 10, 2017  By /s/ William P. Deni, Jr.
William P. Deni, Jr.
Jeffrey A. Palumbo
One Gateway Center
Newark, New Jersey 07102
Telephone (973) 596-4500
Facsimile (973) 639-6489
wdeni@gibbonslaw.com
jpalumbo@gibbonslaw.com

-- and --

James B. Monroe
Paul W. Browning
Adriana L. Burgy
Charles T. Collins-Chase
Pier D. DeRoo
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

John W. Cox, Ph.D.
Joshua Adam Davis
**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
Atlantic Station 271 17th Street, NW , Suite 2400
Atlanta, Georgia 30363
(404) 872-7000

Mary Bourke
**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

Attorneys for Plaintiffs and Counter-Defendants
Ferring Pharmaceuticals Inc., Ferring B.V. &
Ferring International Center S.A.