UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
FERRING B.V., FERRING INTERNATIONAL )
CENTER S.A., and FERRING )
PHARMACEUTICALS INC., )
)
            Plaintiffs, )
)
            -v- )   No. 12-CV-2650 (RWS)
)   ECF CASE
ALLERGAN, INC., ALLERGAN USA, INC., )
ALLERGAN SALES, LLC, SERENITY )
PHARMACEUTICALS CORPORATION, )
SERENITY PHARMACEUTICALS, LLC, )
REPRISE BIOPHARMACEUTICS, LLC, )
SEYMOUR H. FEIN, and RONALD V. NARDI, )
)
            Defendants. )
-------------------------------------------------------- 

# REPLY MEMORANDUM OF LAW IN SUPPORT OF REPRISE AND SERENITY'S MOTION FOR SUBSTITUTION OF PARTIES PURSUANT TO FED. R. CIV. P. 25(c)

James Sottile, IV (admitted *pro hac vice*)
Christopher J. Harnett (CH3658)
Shehla Wynne (SW1983)
Kevin V. McCarthy (KM1028)
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3939
jsottile@jonesday.com
charnett@jonesday.com
swynne@jonesday.com
kmccarthy@jonesday.com

*Attorneys for Defendants
Serenity Pharmaceuticals Corporation,
Serenity Pharmaceuticals, LLC, Reprise
Biopharmaceutics, LLC, Seymour H.
Fein and Ronald V. Nardi*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii
TABLE OF ABBREVIATIONS ............................................................................................ iii
I.  INTRODUCTION .......................................................................................................... 1
II. ARGUMENT .................................................................................................................. 2
    A.  Allergan's Standing Is Immaterial To The Substitution Analysis ......................... 2
    B.  Reprise and Serenity Acquired Allergan's Interest In The Counterclaims ............ 3
III. CONCLUSION .............................................................................................................. 4

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*,
    757 F.2d 1256 (Fed. Cir. 1985) ................................................................................2

*Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*,
    335 F.3d 66 (2d Cir. 2003) ......................................................................................3

*Travelers Ins. Co. v. Broadway W. Street Assocs.*,
    164 F.R.D. 154 (S.D.N.Y. 1995) .............................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 25(c) ...............................................................................................1, 2, 3, 4

# TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| Serenity | Serenity Pharmaceuticals Corporation and Serenity Pharmaceuticals, LLC |
| Reprise | Reprise Biopharmaceutics, LLC |
| Fein | Dr. Seymour H. Fein |
| Nardi | Dr. Ronald V. Nardi |
| Allergan | Allergan, Inc., Allergan USA, Inc., and Allergan Sales, LLC |
| Ferring | Ferring B.V., Ferring International Center S.A., and Ferring Pharmaceuticals Inc. |
| '429 patent | U.S. Patent No. 7,560,429 |
| '654 patent | U.S. Patent No. 7,947,654 |
| Ferring patents or Ferring's patents | Collectively, '429 and '654 patents |
| Development Agreement | The 2010 agreements between Serenity, Reprise, and Allergan concerning development of low dose desmopressin products |
| Ferring Opp. | Ferring's Opposition to Reprise and Serenity's Motion for Substitution, which was filed on July 25, 2017 as D.I. 285 |
| Ex. __ | Citation to Exhibits 1-2 in the July 11, 2017 Declaration of Shehla Wynne, filed as D.I. 271; and Exhibit 3 in the August 1, 2017 Declaration of Shehla Wynne, filed concurrently herewith |

Reprise and Serenity respectfully submit this Reply Memorandum of Law in support of their motion for substitution as the counterclaimants in place of Allergan.

I.  **INTRODUCTION**

Following the termination of their Development Agreement with Allergan, Reprise and Serenity brought a straightforward procedural motion under Rule 25(c), so that the parties with an interest in the outcome of the litigation may pursue the counterclaims. Instead of addressing substitution, Ferring insists that the Court must decide the merits of its standing defense, which it had reserved for trial, before permitting substitution. Ferring is wrong. Defenses like standing are expressly preserved following substitution, and are resolved in the ordinary course of litigation. In connection with its eleventh-hour "motion to dismiss," Ferring is conspicuously silent about why it waited until this particular juncture in the proceedings to raise the issue. Indeed, Ferring failed to bring a 12(b)(1) motion for lack of standing before it answered the Counterclaims; did not raise the issue at the summary judgment stage; expressly listed standing as a defense to be presented at trial in the joint pretrial order entered by the Court on May 4, 2016; and, put in no more than a perfunctory statement regarding standing in its Statement of Elements of Defenses. (*See* D.I. 279 at 11-12; D.I. 232, ¶ 189.)

Setting aside the distraction of Ferring's standing arguments, Ferring cannot reasonably argue that substitution is improper here. Following the approval of NOCTIVA, Allergan exercised its contractual option to withdraw from the parties' Development Agreement, and, under the terms of the agreement, Allergan's interest in the Ferring patents has reverted to Reprise and Serenity. Thus, Reprise and Serenity are the parties with an interest in the outcome of this litigation and may properly be substituted for Allergan under Rule 25(c).

## II. ARGUMENT

### A. Allergan's Standing Is Immaterial To The Substitution Analysis

The only question before the Court on a Rule 25(c) motion to substitute is whether Reprise and Serenity have obtained the rights under which Allergan brought its counterclaims. Instead of focusing on the merits of Reprise and Serenity's motion to substitute, Ferring incorporates by reference its 19-page memorandum directed to the standing arguments raised in its Motion to Dismiss, and urges the Court to deny the motion to substitute because of lack of standing. (Ferring Opp. at 2-3.) In that regard, Ferring sidesteps the fact that "substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. Street Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (citing *Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)). Consequently, any defenses (including lack of standing) that Ferring had planned to assert against Allergan can be asserted against Reprise and Serenity on the same grounds. The question of Allergan's standing has nothing to do with whether Reprise and Serenity may properly be substituted for Allergan.[1]

The only issue on substitution is whether Reprise and Serenity succeeded to the rights Allergan had when it brought the counterclaims. As explained in Reprise and Serenity's Opposition to Ferring's Motion to Dismiss (D.I. 279) and their Motion to Substitute (D.I. 270), Allergan possessed an ownership and financial interest in the Ferring patents, which has since

---

[1] Ferring's assertion that Reprise and Serenity "assured the Court" that they would address Allergan's standing in their motion for substitution (Ferring Opp. at 1) is incorrect. As set forth in our letter to the Court (D.I. 272), following the June 13, 2017 conference, counsel for Serenity and Reprise considered whether standing was appropriately raised in connection with the motion for substitution, concluded that it was not, and so advised Ferring's counsel. In any event, Ferring has now moved to dismiss for lack of standing and Reprise and Serenity detailed their arguments as to Allergan's standing in their Opposition. (D.I. 279.) Allergan joined in that Opposition. (D.I. 284.)

2

reverted to Reprise and Serenity. Substitution of these parties is therefore proper under Rule 25(c).[2]

B.  **Reprise and Serenity Acquired Allergan's Interest In The Counterclaims**

Ignoring the agreements at issue, Ferring asserts that Reprise and Serenity have "fail[ed] to offer proof" that Allergan's interest in the Ferring patents has reverted to Reprise and Serenity. (Ferring Opp. at 3.) That is demonstrably incorrect. Reprise and Serenity provided the Court with a copy of the Serenity-Allergan agreement that specifically details the effect of the termination of the parties' Development Agreement.[3] (*See* Ex. 2.) Section 13.5(b) of this agreement provides that upon early termination of the Agreement by Allergan, all of Allergan's rights, title, and interest in the assigned intellectual property rights revert to Reprise and Serenity. (Ex. 2 at 84-85.) To the extent helpful, the Court may also consider the Three-Way Agreement (D.I. 265, Ex. B), which provides in Section 11.3 that it terminates as of the effective termination date of the Serenity-Allergan agreement. The Three-Way Agreement also provides that all of the patent rights that Allergan acquired from Reprise shall revert to Reprise upon early termination. (*Id.* § 11.5(b).)

Moreover, the Termination Agreement between Allergan and Serenity indisputably demonstrates Allergan's withdrawal from the Development Agreement, and establishes that the parties' Development Agreement terminated on May 28th, 2017. (*See* Ex. 3.) Thus, Reprise and

---

[2] Ferring's reliance on *Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003) is misplaced. *Organic Cow* involved a Government Commission that ceased to exist with no successor in interest, unlike here where the relevant agreements clearly contemplate -- and identify -- successors in interest.

[3] Ferring makes much of the fact that this was a publicly available redacted copy of the document, allegedly giving the Court "no evidence on which to decide . . . how Allergan possessed any alleged interest it could transfer." (Ferring Opp. at 4.) But the language regarding termination and the effect of such termination is available in the exhibit, a complete version of which was produced to Ferring during the course of discovery, and was filed as an exhibit in connection with Ferring's motion to dismiss. (D.I. 265, Ex. A.)

3

Serenity have, in fact, provided evidence of: (1) termination of the Development Agreement; and (2) the effect of such termination (reversion of ownership and financial interest in the acquired patent rights from Allergan to Reprise and Serenity). The parties may, therefore, be properly substituted for Allergan as the counterclaimants.

## III. CONCLUSION

For the reasons set forth above, and for the reasons set forth in the Memorandum of Law In Support of Reprise and Serenity's Motion for Substitution (D.I. 270), Reprise and Serenity respectfully request that the Court grant their motion for substitution of parties.

Dated: August 1, 2017
     New York, New York

Respectfully submitted,

*/s/ James Sottile, IV*
James Sottile, IV (admitted *pro hac vice*)
Christopher J. Harnett (CH3658)
Shehla Wynne (SW1983)
Kevin V. McCarthy (KM1028)
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3939
jsottile@jonesday.com
charnett@jonesday.com
swynne@jonesday.com
kmccarthy@jonesday.com

*Attorneys for Defendants*
*Serenity Pharmaceuticals Corporation,*
*Serenity Pharmaceuticals, LLC, Reprise*
*Biopharmaceutics, LLC, Seymour H. Fein*
*and Ronald V. Nardi*