# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

March 26, 2021

**VIA ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Ferring B.V., et al. v. Allergan, Inc., et al.*, Case No. 12-cv-2650 (PKC)

Dear Judge Castel:

    We represent non-parties Jones Day and Christopher J. Harnett in connection with their response to the motion for sanctions filed by Ferring B.V., Ferring International Center S.A., and Ferring Pharmaceuticals Inc. (collectively, "Ferring") on March 5, 2021 (Dkt. 474).

    In accordance with the Court's February 24, 2021 Minute Entry, today Jones Day and Mr. Harnett are filing their brief in opposition to Ferring's motion, along with a number of exhibits annexed thereto. Exhibits B, C, D, E, F, H, I, and J are mediation correspondence between Plaintiff and Counterclaim-Defendant Ferring and Defendants and Counterclaim-Plaintiffs Serenity Pharmaceuticals, LLC ("Serenity"), and Reprise Biopharmaceutics, LLC ("Reprise"), in the underlying action. During the underlying action, that correspondence was designated by the parties as "CONFIDENTIAL" pursuant to the Stipulated Protective Order (Dkt. 124) entered in this case. Pursuant to that Order, documents so designated are to be filed under seal or pursuant to appropriate steps designed to ensure their continuing confidentiality.[1] Dkt. 124 §§ 1(d), 6. [ Because the parties designated these communications as "CONFIDENTIAL," in an abundance of caution, Jones Day and Mr. Harnett herein request that Exhibits B, C, D, E, F, H, I, and J be filed under seal. ]

---

[1] We note that the parties have been operating under the Stipulated Protective Order (Dkt. 124) entered by Judge Sweet, which remains in effect. The provisions of that Order that are directed to filing information a party has designated confidential are in tension with Your Honor's Individual Practices, which would include a provision requiring 14 days' advance notice to the opposing party before filing the opposing party's confidential information. Continuing to follow the Order entered by Judge Sweet fully protects the parties' respective interests in confidential information.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

March 26, 2021
Page 2

The Second Circuit has articulated a three-part test for determining whether the common-law right of public access applies. First, the court must determine whether the document at issue is a judicial document. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (*"Amodeo I"*)). If the court determines that the documents are judicial in nature, public access is presumed. *Id.*

Second, the court must determine the weight of that presumption. The weight of presumption is "governed by the role of the material at issue in the exercise of Article III judicial power," which generally ranges from "matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*"Amodeo II"*)).

Finally, the court must balance the presumption of access against any competing considerations, such as "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050). When determining the weight to be accorded an assertion of a right of privacy, the Second Circuit has instructed that courts "should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051.

[ Here, following entry of the Stipulated Protective Order in this case, certain correspondence between the parties was designated by the parties as "CONFIDENTIAL" pursuant to that Order. The papers filed today in opposition to Ferring's motion for sanctions include as exhibits correspondence so designated. Based on those designations, Jones Day and Mr. Harnett believe, out of an abundance of caution, that it is appropriate under the terms of the Stipulated Protective Order to file those exhibits under seal. Specifically, Jones Day and Mr. Harnett ask that the Court enter an order sealing Exhibits B, C, D, E, F, H, I, and J (Dkt. 480-2, 480-3, 480-4, 480-5, 480-6, 480-8, 480-9, 480-10) to the Declaration of Stuart W. Yothers in Support of Jones Day and Christopher J. Harnett's Opposition to Ferring's Motion for Sanctions. ]

The documents are provisionally sealed subject to further Order.
SO ORDERED.
Dated: 3/30/2021

*P. Kevin Castel*
United States District Judge

JONES DAY

March 26, 2021
Page 3

        Respectfully submitted,

        */s/ Stuart W. Yothers*

        Stuart W. Yothers
        JONES DAY
        250 Vesey St.
        New York, NY 10281-1047
        Telephone: (212) 326-3893
        syothers@jonesday.com

        *Attorneys to Jones Day and Christopher J. Harnett*